IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2007

Charles R. Fulbruge III
Clerk

No. 06-20960

DONNA J. ARENSDORF,

Plaintiff–Appellant,

v.

JOHN W. SNOW, Secretary of Treasury,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. H-05-2622

Before REAVLEY, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Donna Arensdorf appeals the district court's grant of summary judgment to John W. Snow, Secretary of Treasury in this employment discrimination and retaliation suit. We affirm.

I

Arensdorf, a white female over the age of forty, worked for the Internal Revenue Service (IRS) as a revenue officer beginning in 1985. In 1995, Arensdorf opted to participate in the IRS's Flexiplace program, which allowed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certain revenue officers who maintained a "fully successful" performance rating to work from home on most days. From May 2002 through August 2005 Arensdorf was supervised by James Gibson, a white male over the age of forty.

Gibson gave Arensdorf a "fully successful" job performance rating in her annual review in July 2003. In November 2003, Gibson gave Arensdorf a mid-year evaluation that found her performance to be below "fully successful"; she had failed in specific performance categories (such as "case analysis" and "communication") in several of her cases that he had reviewed. Gibson informed Arensdorf that unless her performance improved she would receive an "unacceptable" rating at her next annual review and would face other related consequences.

In January 2004, Gibson reviewed more of Arensdorf's cases and then sent a letter to Arensdorf summarizing his findings. Gibson found several deficiencies in these cases and gave Arensdorf failing marks in various categories.

On June 3, 2004, Gibson sent Arensdorf a memorandum of his review of additional cases. Gibson found that Arensdorf had failed in several areas.

On June 7, 2004, Arensdorf sent an e-mail to Martin Arnold, Gibson's supervisor and an African-American over the age of forty, requesting re-assignment to a supervisor other than Gibson. Her stated reasons were: her recent performance review with failing marks, Gibson's alleged statement to her that she would be receiving an unacceptable rating for her next annual review (scheduled for July 2004), Gibson's failure to address her rebuttals to her reviews, and that her "physical and mental health" was "stretched to the limit after 18 years of this behavior." Arnold denied Arensdorf's request, explaining that the reasons she gave were insufficient for reassignment.

On June 15, 2004, Gibson revised his June 3 review, raising several categories from failing to "marginal, improvement needed." He retained failing marks in two categories.

On July 14, 2004, Arensdorf filed an administrative complaint with the Treasury Department's Equal Employment Opportunity (EEO) office that alleged that she was discriminated against on the basis of her age and race when Arnold denied her request to transfer.

On July 26, 2004, Arensdorf received her 2004 annual evaluation. She received failing marks in three of the fifteen evaluation categories, resulting in an overall rating of "unacceptable." Consequently, on August 18, 2004, Gibson informed Arensdorf that she was no longer qualified for the Flexiplace program and needed to select an office work space and to turn in her phone card.

On August 31, 2004, Gibson met with Arensdorf and gave her an "opportunity letter" that placed her on a "performance improvement period" (PIP) for ninety days. The PIP provided Arensdorf with an on-the-job instructor and required her to meet with Gibson every other week to review her progress. At the end of the meeting, Arensdorf gave Gibson a note from her physician stating that Arensdorf would be unable to work from September 1 through October 1 due to an unnamed medical condition. Gibson approved the medical leave for the requested period and instructed Arensdorf to meet him in his office on October 4, 2004.

On September 24, 2004, Arensdorf filed a second complaint of discrimination, alleging that she was discriminated against because of her age and in retaliation for her earlier complaint, when Gibson gave her the negative annual review, removed her from the Fleixplace program, and placed her on the PIP. She also alleged that she was subjected to a hostile work environment by Gibson and Arnold.

Arensdorf did not return to work after her sick leave. Instead, she submitted a letter from a therapist notifying the IRS that she would not be able to perform her work responsibilities through November 2004. The letter gave no medical reason for her inability to work. Gibson replied by letter, telling Arensdorf that the letter from the therapist was insufficient to establish medical leave for the additional two month period. Gibson gave Arensdorf one week to submit a doctor's certificate supporting her request or to return to work on October 13, 2004. Gibson warned Arensdorf that she would be placed on Absence Without Leave (AWOL) status, and her previously-approved sick leave period would be converted to AWOL status, if she did not follow those instructions. Arensdorf submitted a disability certificate from a physician on October 11, 2004 that stated she was unable to work and would be reevaluated on October 29, 2004. She also submitted a note from a doctor at another clinic stating that she was incapacitated until November 30, 2004. Arensdorf remained on sick leave until November 30, 2004.

On November 12, 2004, Arensdorf's administrative complaints were supplemented and consolidated into a complaint of a hostile work environment on the basis of age, race, and retaliation, based on actions occurring between June 2004 and August 2004. The specific allegations were enumerated in a letter from Arensdorf to the EEO office. The EEO office investigated and held a hearing before an administrative judge. Before the administrative law judge rendered a decision, Arensdorf filed a motion to dismiss her complaint, which the administrative law judge granted.

Arensdorf filed this suit two weeks later, complaining of a hostile work environment on the basis of her age, race, and prior EEO activity. She also complained generally that her supervisors "singled her out for disparate treatment." The Secretary filed a motion for summary judgment. The district court issued a 39-page memorandum opinion and final judgment. The

4

memorandum opinion held that Arensdorf had exhausted administrative remedies (and therefore perfected federal court jurisdiction) for her "race/age/reprisal-based hostile work environment claim and a retaliation claim, stemming from events which occurred between June and October 2004." The court held that Arensdorf had exhausted her administrative remedies with respect to nine specific factual allegations; the court also held that those allegations could be used to support both the hostile work environment claim and as individual acts of discrimination.[1] The district court held that Arensdorf had not exhausted any claims relating to disparate impact[2] or to claims arising from events subsequent to October 2004; the court therefore held that it did not have jurisdiction over such claims or events. After carefully analyzing the law and evidence for each claim, the district court granted the Secretary's motion for summary judgment. Arensdorf timely appealed.

II

We first address Arensdorf's argument that the district court erred when it denied her request to unseal a document during discovery. We review the district court's decision for abuse of discretion.[3]

---

[1] The exhausted events were:
(1) [Gibson] screamed at [Arensdorf] in June 2004,
(2) [Arensdorf] received a negative job review in June 2004,
(3) [Arensdorf's] transfer request was denied,
(4) [Arensdorf] received an "unacceptable" rating on her July 2004 annual review,
(5) [Arensdorf] was removed from the Flexiplace program,
(6) [Arensdorf] was asked to return her phone card,
(7) [Arensdorf] was placed on a PIP,
(8) [Arensdorf] was not afforded a job coach when she received her first negative review in November 2003, and
(9) Gibson threatened to change [Arensdorf's] sick leave to AWOL.

[2] See Hebert v. Monsanto, 682 F.2d 1111, 1116 (5th Cir. 1982).

[3] See DIJO, Inc. v. Hilton Hotels Corp., 351 F.3d 679, 682 (5th Cir. 2003).

The document in question is a report of the Treasury Office of the Inspector General (OIG).[4] This report was apparently created by the OIG in the context of its investigation of the case of Robinson v. Snow.[5] Vera Robinson was an IRS employee who sued the IRS for discrimination she alleged occurred in 1998. With the parties' consent, the district court in that case issued a Privacy Protective Order pursuant to 5 U.S.C. § 552a(b)(11) and FED. R. CIV. P. 26(c). This order did not "seal" any documents. Instead, it required the plaintiff in that case to keep confidential Treasury discovery documents containing private information about third parties, and to destroy her copies of discovery documents after litigation was complete.

Arensdorf moved the district court to "unseal[]" the OIG report, claiming it was relevant to her case. The district court denied this request, stating that there did not appear to be any relationship between the Robinson case and Arensdorf's case. On appeal, Arensdorf argues that the district court's decision was an abuse of discretion and that the OIG report "should demonstrate that [she] made certain statements to the OIG that were relevant to their investigation and that she has been retaliated against by management for making said statements."

The district court did not abuse its discretion. Arensdorf failed to explain how her statements to investigators in the 1998 Vera Robinson investigation would be relevant to this case, which is founded upon actions in 2004.

### III

We next address Arensdorf's arguments that the district court erred when it granted summary judgment to the Secretary. We review the district court's

---

[4] Report of Investigation 97-4-090-I.

[5] No. 4:03-CV-859 (S.D. Tex. Feb. 10, 2004) (consent privacy protective order).

grant of summary judgment de novo.[6] We construe the evidence in the light most favorable to Arensdorf, the non-moving party, and draw all reasonable inferences in her favor.[7] We note here that Arensdorf has not challenged the district court's determination of which claims and events were exhausted and the jurisdictional consequences of that determination.

Arensdorf argues that the district court erred in granting summary judgment to the Secretary on her age discrimination (disparate treatment) claim. The district court held that Arensdorf had not made a prima facie case on this claim[8] because none of the actions she complained of[9] were "ultimate employment actions."[10] On appeal, Arensdorf fails to allege any error in the district court's analysis. For the first time on appeal, Arensdorf also argues that Gibson's grant of a performance award in 2004 to another employee who was under the age of 40 and who (like Arensdorf) received a failing mark on an evaluation constituted an adverse employment action. The evidence Arensdorf cites shows, at most, that the other employee received a certificate of good performance.[11] Failing to give Arensdorf such an award is not an "ultimate employment action."

Arensdorf also contends that certain events that occurred after October 2004, such as her termination in 2005, were discriminatory. However, as stated above, Arensdorf has not challenged the district court's exhaustion and

---

[6] Roberson v. Alltel Info. Servs., 373 F.3d 647, 650 (5th Cir. 2004).

[7] Id. at 651.

[8] See Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 512-13 (5th Cir. 2001).

[9] See supra note 1.

[10] See Felton v. Polles, 315 F.3d 470, 486 (5th Cir. 2002), abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405 (2006).

[11] See Record Excerpts at Tab 5, 603-05.

jurisdictional holding, so events occurring later than October 2004 are not properly before us. We therefore reject Arensdorf's argument regarding her age discrimination claim.

Arensdorf next argues that the district court erred in granting summary judgment on her retaliation claim. The district court held that Arensdorf had failed to make a prima facie case on this claim because the facts could not support an inference that her EEO complaint caused any of the adverse actions.[12] In particular, Arensdorf had received three negative performance evaluations prior to her protected activity (filing the EEO complaint), so it was not possible to infer that the negative performance reviews were caused by the protected activity. On appeal, Arensdorf fails to point to any facts that would tend to establish that the IRS's adverse actions were caused by her EEO complaint. We find no error in the district court's determination that she failed to establish her prima facie case.

The district court also held that even if Arensdorf had made her prima facie case of retaliation, the Secretary had articulated legitimate, nonretaliatory reasons for its actions, and Arensdorf had failed to produce any evidence that the Secretary's stated reasons were pretextual.[13] Arensdorf disagrees and argues that she met her burden. But she cites no evidence that would tend to establish that the Secretary's stated reasons for the actions in the exhausted claims were pretextual. She merely states that the low performance evaluations were caused by animus (but cites no evidence of this) and argues that her later removal was not conducted in accordance with the applicable statutes and regulations (but her removal was not an element of the exhausted claims). We find no error in the district court's analysis of this argument. We therefore hold that the district

---

[12] See Gee v. Principi, 289 F.3d 342, 345 (5th Cir. 2002).

[13] See id.

court did not err in granting summary judgment on Arensdorf's retaliation claim.

Arensdorf finally argues that the district court erred in granting summary judgment on her hostile work environment claim. The district court held that she was unable to establish the second, third, and fourth prongs of her prima facie case:[14] she did not establish that she was subject to unwelcome harassment, that there was harassment based upon a protected characteristic, or that there was harassment that affected a term, condition, or privilege of employment. On the third (protected characteristic) prong, in particular, there was no evidence that any of the actions taken by Gibson (a Caucasian male over 40) or Arnold (an African-American male over 40) were based on Arensdorf's age or race. On appeal, Arensdorf does not point to facts in the record that would establish factual issues on these prongs but instead sets forth a narrative of workplace slights she has perceived for the past seventeen years. We find no error in the district court's grant of summary judgment on the hostile work environment claim.

\* \* \*

For these reasons, we AFFIRM the judgment of the district court.

---

[14] See Frank v. Xerox Corp., 347 F.3d 130, 138 (5th Cir. 2003).